# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ESGARDO VIERA-OROZCO,<br><br>        Defendant. | Case No. 18-CR-27-2-JPS<br><br><br><br>**ORDER** |

On February 13, 2018, the grand jury returned an indictment charging Defendant Esgardo Viera-Orozco ("Viera-Orozco") with various drug trafficking and firearm offenses. (Docket #6). The indictment is based in part on a controlled buy of heroin from a confidential informant. Viera-Orozco filed a motion on March 2, 2018, requesting that the Court compel the government to immediately disclose the identity of the informant. (Docket #23). The government conceded that it must reveal the informant's identity, but it asked that disclosure occur no earlier than fifteen days before trial out of concern for the informant's safety. (Docket #33 at 5).

On March 20, 2018, Magistrate Judge William E. Duffin issued an order denying Viera-Orozco's motion and directing the government to disclose the confidential informant's identity no later than April 23, 2018, fourteen days prior to trial. (Docket #39). Viera-Orozco filed an objection to that ruling on March 29, 2018. (Docket #43). The government responded on April 5, 2018. (Docket #45). A magistrate's ruling on a non-dispositive matter, such as this discovery dispute, can only be overturned if it is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Viera-Orozco has not shown Magistrate Duffin's ruling to be clearly erroneous or contrary to law. The government has a limited privilege to shield the identity of a confidential informant from a defendant. *United States v. Shaw*, 824 F.3d 624, 629 (7th Cir. 2016). Yet here, because the informant was part of a controlled drug buy that forms the basis for part of the indictment, it is undisputed that the government must disclose his identity. *Roviaro v. United States*, 353 U.S. 53, 64–65 (1957). The question is when this must occur.

The government generally has credible fear for the safety of its confidential informants in drug cases in light of the inherent danger in drug trafficking activity, including the prevalence of gun-related violence in this trade. *See United States v. Herrero*, 893 F.2d 1512, 1527 (7th Cir. 1990); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). Further, the government has information generating a fear of retaliation as to this case in particular. During an interaction in January 2018 between the confidential informant and Viera-Orozco's two co-defendants, the co-defendants, who were armed with two firearms, tried to pressure the informant to help them discover the identity of someone who had allegedly stolen some of their counterfeit money. (Docket #33 at 4). They made insinuations that they would harm the alleged thief and the thief's family for this slight, and that they would harm the confidential informant if he did not provide the information sought. *Id.* Further, a photograph on one of the phones seized from the co-defendants showed severed body parts in a garbage bag. *Id.* Thus, the government claims that the defendants' conduct raises an especially strong possibility of violent retaliation against the informant.

In his objection, Viera-Orozco contends that the disclosure date ordered by Magistrate Duffin, April 23, 2018, simply does not give him

enough time to adequately assess his prospects for success at trial, nor to prepare for the trial itself. (Docket #43 at 2). April 23 is only one day prior to the deadline for submitting a plea agreement, and, as noted, fourteen days before trial. Viera-Orozco submits that the need to investigate the informant's criminal history, subpoena relevant documents, and interview witnesses will consume more than the two weeks currently allotted to him. *Id.* at 3–4. Further, he distances himself from the conduct of his co-defendants, asserting that their actions are not his and that a protective order could sufficiently protect the informant. *Id.* at 4. Finally, Viera-Orozco suggests that the case against him is weak because video taken of the controlled buy does not depict his face. *Id.* at 1. He feels this militates in favor of disclosure of the informant's identity, as it makes the informant's credibility the cornerstone of the government's case. *Id.*

Except for the final point, all of these concerns were expressed to Magistrate Duffin and adequately addressed in his order. The Court agrees with the magistrate's sound analysis. First, while the disclosure date places pressure on Viera-Orozco to act quickly to prepare for trial, the government has made a convincing showing that this is a case where the informant is at risk if his identity is disclosed. Whether that risk comes from Viera-Orozco or his associates, it cannot be ignored. Nor does it appear that a protective order would be adequate to allay these palpable concerns. Delay in disclosing the informant's identity is, therefore, warranted.

Second, the government will disclose the informant's criminal history at the same time as the informant's identity in light of their *Giglio* obligations. This will lessen the burden on Viera-Orozco to prepare his challenge to the informant's credibility. True, he may need to move quickly to investigate and corroborate additional information about the informant,

but balancing that burden against the informant's safety is the key to determining how the limited privilege plays out in each case. The magistrate appropriately weighed the competing considerations when arriving at his decision.

Finally, the Court is not persuaded by Viera-Orozco's argument that the informant's credibility is especially crucial in this case as opposed to others. The government disputes his claim, noting that another video taken the same day as the controlled buy clearly shows Viera-Orozco in the same clothing as the person in the controlled buy. *See* (Docket #45 at 4). On balance, the Court does not see a heightened need to explore the informant's credibility in this case so as to outweigh the other considerations, including the informant's safety. As a consequence, the objection to Magistrate Duffin's order will be overruled.[1]

Accordingly,

**IT IS ORDERED** that Defendant Esgardo Viera-Orozco's objection to Magistrate Judge William E. Duffin's March 20, 2018 Order (Docket #43) be and the same is hereby **OVERRULED**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] Because the objection was filed so close to the disclosure date for the informant's identity, the Court issues its ruling without the benefit of Viera-Orozco's reply, lest the objection be mooted by the simple passage of time.